UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELSWORTH WHITE,

  Plaintiff,

          CASE NO. 2:05-CV-73718
          JUDGE DENISE PAGE HOOD
          MAGISTRATE JUDGE PAUL J. KOMIVES
v.

MICHAEL BOUCHARD and
JOHN DOE,

  Defendants.
               /

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. Ent. 11)

**I. RECOMMENDATION:** The Court should grant defendants' motion to dismiss and dismiss plaintiff's complaint without prejudice for failure to prosecute. Doc. Ent. 11.

**II. REPORT:**

**A. Background**

Elsworth White's incarceration at the Oakland County Jail (OCJ) began on July 17 or 18, 2005. Doc. Ent. 1 ¶ 1; Doc. Ent. 6 ¶ 1. White suffers from sleep apnea, and he made OCJ medical staff aware of his condition upon his incarceration.[1] Doc. Ent. 1 ¶¶ 2-3. On or about July 18, 2005,[2]

---

[1] Peripheral sleep apnea is "[a] condition occurring during sleep marked by a stoppage of breathing or airflow past the mouth or nose . . . due to an obstruction int eh oropharyngeal region[.] The obstruction may be an enlarged tongue, a deviated nasal septum, a contraction of the larynx, etc." Schmidt's Attorneys' Dictionary of Medicine, Volume 3, P-128 (1995).

[2] The complaint actually states December 18, 2005. Doc. Ent. 1 ¶ 2.

White's sister brought plaintiff's Continuous Positive Air Pressure (CPAP)[3] machine to OCJ. Doc. Ent. 1 ¶ 2. According to plaintiff, OCJ custody staff broke the machine while searching it and rendered it inoperable. Still, the machine was delivered to plaintiff. Doc. Ent. 1 ¶ 4. Plaintiff informed OCJ custody and medical staff that his CPAP machine was broken. Doc. Ent. 1 ¶ 5. He was informed it was accidentally broken during inspection and was assured that it would be repaired or replaced immediately. Doc. Ent. 1 ¶¶ 5-6. On July 19, 2005, OCJ medical nursing staff informed plaintiff "that his CPAP Machine would not be immediately repaired or replaced, but that the part(s) necessary to repair the machine [would] be ordered and given to him to effectuate repairs himself[.]" Doc. Ent. 1 ¶ 7. Plaintiff informed OCJ nursing staff that he would not be able to sleep without the machine functioning. Doc. Ent. 1 ¶ 8.

Plaintiff was denied a functioning apparatus for approximately nine (9) days. The severe lack of sleep resulted in plaintiff "pass[ing] out while seated, striking his head against a metal toilet, causing a serious contusion to [his] head and to date, ongoing headaches[.]" Doc. Ent. 1 ¶ 9. Beginning July 20, 2005, plaintiff sent correspondence to Oakland County Sheriff Michael Bouchard and the OCJ Medical Director regarding his ongoing serious medical situation. Plaintiff's sister placed phone calls to them. Doc. Ent. 1 ¶ 10. Plaintiff claims to have filed an informal grievance on or about July 20, 2005, regarding which he did not receive a response. Doc. Ent. 1 ¶ 14. He also claims to have filed an informal grievance on or about August 2, 2005, regarding which he did not receive a response. Doc. Ent. 1 at 2.

---

[3]Schmidt's Attorneys' Dictionary of Medicine, Volume 1, C-388 (1995). CPAP is "[a] technique in mechanical ventilation which maintains the lung alveoli in an open state, thus enhancing oxygenation. This condition permits the use of a breathing mixture containing a lower percentage of oxygen, which reduces the possible toxic effects of higher oxygen levels." *Id*. at C-342.

According to defendants, "[p]laintiff reported that his breathing machine was broken by way of a sick-call slip on July 26, 2005." Doc. Ent. 6 ¶ 5. The parts were ordered on July 28, 2005. Doc. Ent. 6 ¶¶ 6, 11. The parts "were reordered and delivered to plaintiff on August 1, 2005."[4] Furthermore, defendants contend, "[p]laintiff refused a sick-call to the clinic on August 3, 2005." Doc .Ent. 6 ¶ 11.

**B.     The Instant Complaint**

On September 29, 2005, while incarcerated at the OCJ, Elsworth White filed this verified prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 against Bouchard and John Doe, OCJ Medical Director. Plaintiff alleges (1) deliberate indifferent to a clear medical need; (2) cruel and unusual punishment; (3) negligence/gross negligence; and (4) intentional infliction of emotional distress. Doc. Ent. 1 at 5. Plaintiff alleges that defendants:

> . . . were well aware of the situation involving the Plaintiff and his clear medical need for a function[in]g CPAP machine[;] however, Plaintiff's medical needs were ignored, causing the Plaintiff to suffer an imm[ea]surable a[m]ount of both physical and emotion[al] damage, as the Plaintiff, due to the lack of sleep, did suffer the physical effects of long term sleep deprivation, as well as striking his head when passing out . . . as well as the emotion[al] fear of worr[y]ing constantly about falling asleep and possibly ceasing breathing. The Plaintiff was forced to seek the assistance of other inmates to literally watch him during the day so he could attempt to take brief naps in order to obtain at least some sleep[.]

Doc. Ent. 1 ¶ 12. He seeks declaratory relief; actual, compensatory, punitive and exemplary damages; and costs and fees. Doc. Ent. 1 at 9-10.

According to defendants, plaintiff was released from the OCJ on October 3, 2005, due to overcrowding. Doc. Ent. 6 ¶ 1; Doc. Ent. 11 at 7. On October 20, 2005, Magistrate Judge Whalen entered an order directing service without prepayment of costs and authorizing the United States

---

[4]Plaintiff claims it took approximately two weeks to get the parts. Doc. Ent. 1 ¶ 11.

Marshal to collect costs after service is made. Doc. Ent. 3. The waiver of service of summons was mailed on or about October 24, 2005. Doc. Ent. 9.[5]

On February 10, 2006, defendants field an answer. Doc. Ent. 6. Oakland County Corporation Counsel Mary M. Mara filed an appearance on their behalf. Doc. Ent. 5. On February 23, 2006, Judge Hood referred this case to me for all pretrial matters. Doc. Ent. 8. Plaintiff's copy of this order of reference sent to the OCJ was returned as undeliverable. Doc. Ent. 7.

**B.     The Instant Motion**

On January 8, 2008, I entered an order requiring all discovery to be conducted by April 9, 2008, and all dispositive motions to be filed by May 9, 2008. Doc. Ent. 10. On February 14, 2008, defendants Bouchard and Doe filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b). Doc. Ent. 11. Defendants allege that "[p]laintiff has failed to prosecute his action before this Court and has failed to provide this Court and opposing counsel with his address." Doc. Ent. 11 ¶ 10.

On February 20, 2008, I entered an order setting the response deadline to defendants' motion to dismiss for March 24, 2008. Doc. Ent. 12. On or about February 26, 2008, plaintiff's copy of my February 20, 2008, order setting a response deadline (sent to the OCJ) was returned as undeliverable. Doc. Ent. 13. Plaintiff has not filed a response.

**C.     Fed. R. Civ. P. 41(b)**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629

---

[5]A timely executed waiver of service of summons mailed on October 24, 2005, would result in a December 23, 2005, due date for defendants answer. Although the waiver was received in late October 2005, it was not signed by defense counsel until February 10, 2006, the date of defendants' answer. Doc. Ent. 9.

4

(1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.

>Fed. R. Civ. P. 41 governs dismissals. As to involuntary dismissal, it provides:
>
>For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)]-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631. "It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." *Link*, 370 U.S. at 631-632. *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980) ("The Court denied that [Fed. R. Civ. P.] 41(b) limits a court's power to dismiss for failure to prosecute to instances where a defendant moves for dismissal.") (citing *Link*, 370 U.S. at 630); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the

5

same conduct.") (citing *Link*, 370 U.S. at 630-632; *Roadway Express*, 447 U.S. at 767); *Carlisle v. United States*, 517 U.S. 416, 426, 449-450 (1996) ("something far more than an ambiguous silence is required to withdraw a district court's inherent power."); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a sua sponte order of dismissal.") (citing *Link*).

"[T]he absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link*, 370 U.S. at 632. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id*. at 633.

**D.    The Court Should Grant Defendants' Motion to Dismiss.**

Defendants argue that the Court should "dismiss plaintiff's complaint for failure of the plaintiff to prosecute[.]" Doc. Ent. 11 at 5. As defendants point out, plaintiff has "failed to provide this Court or opposing counsel with an updated address. The last (and only) address on file for Plaintiff is the [OCJ]." Doc. Ent. 11 ¶ 4. Furthermore, they state, "[p]laintiff has failed to prosecute his action before this Court and has failed to provide this Court and opposing counsel with his address." Doc. Ent. 11 ¶ 10.

**1.**    To begin, plaintiff has not responded in a timely manner to defendants' February 14, 2008, dispositive motion. "A response to a dispositive motion must be filed within 21 days after service of the motion." E. D. Mich. LR 7.1(d)(1)(B). Therefore, absent an order stating otherwise, a

response to defendants' February 14, 2008, dispositive motion would have been due on or before March 6, 2008. In this case, my February 20, 2008, scheduling order, returned to the Court has undeliverable, set the response deadline for March 24, 2008. As noted above, plaintiff has yet to file a response to this motion. Perhaps plaintiff's failure to respond is a result of him not knowing a motion and/or scheduling order were filed; however, these would be consequences of his own failure to keep the Court apprised of any change in address.

**2.** Furthermore, it appears that plaintiff has abandoned this case. Plaintiff has only filed two documents in this case: (1) his September 29, 2005, complaint and (2) his September 29, 2005, motion for suspension of fees and costs. Therefore, it has been approximately two and one half years since plaintiff has filed any paper in this case.

**3.** With the foregoing in mind, the Court should consider defendants' request that this case be dismissed pursuant to Fed. R. Civ. P. 41(b). Dismissal pursuant to Fed. R. Civ. P. 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll*, 176 F.3d at 363 (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)).

"[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). "[T]he *Carver* court concluded that a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). *See also Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001) and *Knoll*, 176 F.3d at 363.

With regard to the first and second factors, it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault; nonetheless, plaintiff cannot expect that the Court or defendants will be able to find him, and defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case. As to the third and fourth factors, it does not appear the Court warned plaintiff that a failure to cooperate could result in dismissal of this action, nor does it appear that less drastic sanctions have been attempted;[6] nonetheless, there seems little purpose in doing so where certain documents sent to plaintiff have been returned as undeliverable. Doc. Entries 7 and 13. *See Alexander v. City of Pontiac*, Case No. 2:07-CV-11419 (E.D. Mich. Apr. 29, 2008) (Battani, J.) (opinion and order granting defendants' motion for involuntary dismissal).

---

[6]The only orders entered by the Court thus far have been (1) Magistrate Judge Whalen's October 20, 2005, order (Doc. Ent. 3); (2) Judge Hood's February 23, 2006, order of reference (Doc. Ent. 8); (3) my January 8, 2008, scheduling order (Doc. Ent. 10) and (4) my February 20, 2008, scheduling order (Doc. Ent. 12).

Considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) the factor of imposing a less drastic sanction before granting defendant's request for dismissal with prejudice, the Court should dismiss plaintiff's complaint *without* prejudice for failure to prosecute. *Hill v. General Motors Corp.*, No. 88-3588, 1990 WL 25065, *1, *4 n.2 (6th Cir. Mar. 8, 1990) (affirming "the district court's dismissal, without prejudice, of [a] diversity tort action for failure to prosecute[,]" the Court noted that "[i]n this case, the dismissal was without prejudice; thus, it was on its face a less severe sanction than the authorized under Rule 41(b) and *Link*.").

I note the Second Circuit's caution that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993)). *See also Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (citing *Lucas*, 84 F.3d at 535). However, my conclusion is justified by plaintiff's apparent abandonment of this case. *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984) (affirming district court's Rule 41(b) dismissal for failure to prosecute where "[p]laintiffs virtually abandoned this case, doing nothing to move it forward for more than five years.").

In light of the foregoing, the Court should grant defendants request to "dismiss Plaintiff's complaint for failure to prosecute due to the fact that he has not notified the court of his current address despite the fact that Plaintiff filed his complaint over two years ago." Doc. Ent. 11 at 8.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

9

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated 5/13/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 13, 2008.
>
> s/Eddrey Butts
> Case Manager